

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANGELA A. GREEN, CAROLYN LEWIS, NEISHA HALL, TREME LEWIS, ADRIENNE HOLLEY, DAVID REESE, LUCHELLE MARBURY, BRANDI S. GASTON, ROBIN RUSSELL, and SHERRY BILLINGSLEY<br><br>Plaintiffs,<br><br>v.<br><br>KENTUCKY FRIED CHICKEN<br><br>Defendant | CIVIL ACTION NUMBER<br>01-C-301-S |

**MEMORANDUM OPINION**
**GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**

Presently before the Court is a motion by Defendant, Kentucky Fried Chicken ("KFC").[1] KFC asks this Court to either: 1) dismiss this action, pursuant to Fed. R. Civ. P. 12(b)(3) and/or 28 U.S.C. 1406(a), 2) transfer venue, pursuant to 28 U.S.C. § 1404(a), 3) stay this action with respect to claims made by some of the plaintiffs pending arbitration, or 4) dismiss certain claims made by some of the plaintiffs. This Court finds that this action is due to be transferred to the United States Court for the Middle District of Alabama, pursuant to 28 U.S.C. § 1404(a). KFC's motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a), is due to be denied <u>with</u> prejudice. All remaining motions to be considered by the transferee court.

---

[1] Defendant's true and correct legal name is PMTD Restaurants, LLC. (Doc. 7, Def.'s Mem. Br. at p. 1.)

1

## I. FACTS

KFC owns and operates the Kentucky Fried Chicken restaurant located in Alexander City, Alabama, where the alleged wrongful acts occurred. The Plaintiffs are African-American men and women who were employed at the Alexander City location. Plaintiffs assert federal claims for racial and sexual harassment, as well as claims for various forms of disparate treatment. *See* 42 U.S.C. § 2000e; 42 U.S.C. § 1981. Plaintiffs initiated this action in the United States Court for the Northern District of Alabama. [2]

In February 1999, KFC hired Kevin Moore ("Moore"), a white man, as an upper level manager who was responsible for an area that included the Alexander City KFC. Plaintiffs alleged that Moore is the primary culprit responsible for the discriminatory practices about which Plaintiffs complain. The alleged discrimination occurred at or near the Alexander City KFC, which is located in the United States Court for the Middle District of Alabama. According to the information they supplied to the EEOC, all but two of the Plaintiffs live in Alexander City. (Doc. 7, Def.'s Br. at Exs. 7 - 16.) One Plaintiff actually lives in Goodwater, which is north of Alexander City, fairly close to the Northern District. (*Id.* at Ex. 16.) Another Plaintiff lives south of Alexander City in Jackson Gap. (*Id.* at Ex. 14.) Apparently, most of the non-Plaintiff witnesses live in or near Alexander City. (*See* Doc. 24, Barr Aff. at p. 2.)

---

[2] The claims asserted by plaintiff Carolyn Lewis were dismissed with prejudice on June 6, 2001. (Doc. 20.)

## II. ANALYSIS

### A. Dismissal Pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a).

KFC asks this Court to dismiss the present action pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a). The latter rule allows a Court to dismiss or, in the interest of justice, transfer an action if the original venue was <u>improper</u>.[3] However, in the present case, venue in the Northern District of Alabama was proper because of the special venue provision found in Title VII. *See* 42 U.S.C. § 2000e-5(f)(3). This special venue provision allows a plaintiff to bring a Title VII action in "any judicial district in the State in which the unlawful employment practice is alleged to have been committed ...." *Id.* Because Plaintiffs complain of alleged discrimination that occurred in Alabama, venue is proper in the Northern District of Alabama, pursuant to the special venue provision. Therefore, KFC's motion to dismiss is due to be denied.

### B. Transfer of Venue Pursuant to 28 U.S.C. § 1404(a).

KFC seeks transfer of this action to the Middle District of Alabama on the grounds of convenience. *See* 28 U.S.C. § 1404(a). Section 1404(a) provides in relevant part:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

---

[3] 28 U.S.C. § 1406(a) provides:

(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

3

"The court faced with a motion to transfer must engage in 'an individualized case-by-case consideration of convenience and fairness.'" *Patel v. Howard Johnson Franchise Systems, Inc.*, 928 F. Supp. 1099, 1101 (M.D. Ala. 1996) (citing *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). First, the Court must determine whether the action "might have been brought" in the district to which the movant seeks transfer. *Dombrowski v. Swiftships, Inc.*, 864 F. Supp. 1242, 1244 (S.D. Fla. 1994). In making this determination, the Court should considered factors such as: "(1) convenience of the parties; (2) convenience of the witnesses; (3) relative ease of access to sources of proof; (4) availability of process to compel presence of unwilling witnesses; (5) cost of obtaining presence of witnesses; and (6) the public interest." *Id.* (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). Generally, the plaintiff's choice of forum should not be disturbed, unless the choice is clearly outweighed by other considerations. *Gulf Oil Corp.*, 330 U.S. at 508.

Second, when considering a motion to transfer venue, courts balance the interest of justice with the convenience of the parties and witnesses. *Dombrowski*, 864 F. Supp at 1244. This second factor considers public interests, such as court congestion and local interest in having the matter adjudicated at home. *See Rappaport v. Steven Speilberg, Inc.*, 16 F. Supp.2d 481, 498 (D.N.J. 1988) (citing *Gulf Oil Corp.*, 330 U.S. at 508-09). However, convenience of the witnesses is a pivotal factor in deciding a motion to transfer venue. *Merritt v. Jay Pontiac-GMC Truck, Inc.*, 952 F. Supp. 754, 756 (M.D. Ala. 1996).

Weighing these factors, this Court finds that this case should be litigated in the Middle District of Alabama. The alleged discrimination occurred at or near the Alexander City KFC, which is located in the Middle District. The documents relating to Plaintiffs claims are located

in or near Alexander City. Based upon the documentary evidence, all of the Plaintiffs live in or around Alexander City. The Court notes that KFC has not presented <u>concrete</u> evidence that the potential witnesses in this matter (other than Plaintiffs) live in or near Alexander City. Rather, KFC relies upon the affidavit of Alexander City KFC co-owner David Barr who "understand(s) and believe(s)" that all but two of the witnesses, to the alleged race/sex harassment and other alleged discrimination, live in or near Alexander City. (Doc. 24, Barr Aff. at p. 2.) Although Plaintiff does not bear the burden in the present dispute, this Court believes that Plaintiff's failure to introduce evidence that contradicts Barr's affidavit is telling.

Accordingly, the Court finds that the present action should be transferred to the Middle District of Alabama, where Alexander City is located. *See Patel*, 928 F. Supp. at 1101 ("[W]here the forum selected by the plaintiff is not connected with the parties or the subject matter of the lawsuit, it is generally less difficult than otherwise for the defendant, seeking a change of venue, 'to meet the burden of showing sufficient inconvenience to tip the balance of convenience strongly in the defendant's favor.'") (citation omitted). Of course, under the Federal Rules of Civil Procedure, Plaintiffs will have ten days to file a motion to reconsider if they have evidence which might compel a different decision than the one this Court reaches today.

DONE this 31st day of March, 2002.

Chief United States District Judge
U. W. Clemon

5